IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGIE VEDDER, DAVID SELF, )
DAVID R. BLEDSOE, MICHELE )
CRABTREE-RAJO, DAVID E. )
DAVIS, RON GREER, DAVID L. )
LOVE, and JOHN MCCLOUD, )
                                           )
        Plaintiffs, )
                                           )
vs.                                           )        CIVIL ACTION NUMBER:
                                           )        1:13-cv-0315-AT
                                           )        JURY DEMAND
DOLLAR TREE STORES, INC., )
                                           )
        Defendant. )

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiffs David Self, David R. Bledsoe, Michele Crabtree-Rajo, David E. Davis, Ron Greer, David L. Love and John McCloud and Defendant Dollar Tree Stores, Inc. ("Dollar Tree")(collectively the "Parties"), by and through their undersigned counsel, jointly move this Court to enter an order approving the settlement entered into by the Parties and dismissing this case in its entirety, with prejudice, by consent of all parties. In support of this Motion, the Parties state the following:

       1.       The Plaintiffs in this action were opt-in plaintiffs in the decertified putative collective action *Knott et al v. Dollar Tree Stores, Inc.*, No. 7:06-cv-01553 (N.D. Ala). On September 19, 2012, the *Knott* court decertified the collective action after determining that the plaintiffs in that action "performed a wide array of differing exempt job duties with varying degrees of importance, [and] one group of them cannot reasonably be said to be representative of them all." *See Knott et al v. Dollar Tree Stores, Inc.*, No. 7:06-cv-01553 (N.D. Ala) Docket No. 515 (the "*Knott* action").

       2.       On January 30, 2013, after the *Knott* action was decertified, Plaintiffs filed this action

against Dollar Tree in the U.S. District Court for the Northern District of Georgia, Atlanta Division, styled *Vedder, et al. v. Dollar Tree Stores, Inc.*, No. 1:13-cv-0315-AT ("*Vedder*") alleging, on an individual basis, that Dollar Tree violated the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*. ("FLSA") by classifying them as exempt from FLSA overtime requirements.

3. Dollar Tree denies Plaintiffs' allegations in their entirety and denies any violation of the FLSA. Dollar Tree asserts that, at all times relevant to their employment as Dollar Tree Store Managers, Plaintiffs were reasonably and properly classified as exempt from overtime, and on that basis, Plaintiffs were not entitled to overtime pay.

4. In the course of discussions between counsel for the Parties, the Parties have agreed to resolve this matter and now seek the Court's approval of the settlement and dismissal of the case in its entirety, with prejudice. *See Lynn's Food Stores, Inc. vs. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982)(acknowledging "a policy of encouraging settlement of [FLSA] litigation."). Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See* 29 U.S.C. §216(b); *Lynn's Food Stores*, 679 F.2d at 1354; *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). The Parties therefore request that this Court approve the Parties' Settlement. To do so, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

5. The Parties expressly agree that the settlement agreements between the Parties (the "Agreements") represent fair and equitable resolution of this matter. The terms of the Agreements are contingent upon approval by the Court. Thus, the Parties respectfully request that the Court approve their Agreements and issue an Order dismissing the action in its entirety with prejudice, but

retaining jurisdiction, as necessary, to enforce the parties' Agreements.

6. The Parties negotiated the terms of the Agreements at arms-length and in good faith. This settlement allows the Parties to avoid the significant time, expense and uncertainty of protracted litigation. Settlement is also a reasonable means for the Parties to minimize future risks and litigation.

7. All Parties have been represented, at all times, by experienced counsel. There has been sufficient investigation and discovery with respect to Plaintiffs' claims in this matter and/or the *Knott* matter to allow counsel to act intelligently and to make an informed decision regarding settlement.

8. The Agreements contains strict confidentiality provisions, and settlement between the Parties would not be possible if the Agreements were not to remain confidential. Therefore, to allow the Court to approve the settlement, while at the same time preserving the confidentiality agreements between the Parties, the Parties respectfully request that they be permitted to provide information via joint teleconference with the Court, or, if this Court prefers, via in camera review of the Agreements entered into between the Parties.

9. This Court has inherent power over its dockets and processes to prevent the injustice to the Parties that could occur if the Agreements were placed in the public record in contravention of those terms. *See, e.g., Seattle Times Co. vs. Rhinehart*, 467 U.S. 20, 35(1984)(courts have inherent power to "prevent abuses, oppression, and injustices.").

WHEREFORE, the Parties respectfully request that this Court 1) grant their joint motion for approval of their agreements to settle this case and 2) dismiss this case in its entirety, with prejudice, but retain jurisdiction as necessary to enforce the Parties' settlement. The Parties are available at the

Court's convenience for a teleconference to discuss the settlement terms. A proposed order is attached.

Dated: August 20, 2013

| | |
|---|---|
| LOBER, DOBSON & DESAI, LLC | PAUL HASTINGS LLP |
| By:    /s/ *William Gregory Dobson* | By:   /s/  *William C. Barker* |
| William Gregory Dobson | William C. Barker |
| Georgia Bar No. 237770 | Georgia Bar No. 037727 |
| LOBER, DOBSON & DESAI, LLC | PAUL HASTINGS LLP |
| 830 Mulberry Street, Suite 201 | 1170 Peachtree Street, NE Suite 100 |
| Macon, GA 31201 | Atlanta, GA 30309-9998 |
| Telephone: (478) 745-7700 | Telephone: (404) 815-2400 |
| wgd@lddlawyers.com | Telefacsimile: (404) 815-2424 |
| | corybarker@paulhastings.com |
| Michael J. Lober | |
| Georgia Bar No. 455580 | Carson H. Sullivan |
| LOBER, DOBSON & DESAI, LLC | Admitted *pro hac vice* |
| 3410 Overland Drive | Regan A. W. Herald |
| Roswell, GA 30075 | Admitted *pro hac vice* |
| Telephone: (678) 461-9800 | PAUL HASTINGS LLP |
| mjlober@lddlawyers.com | 875 15th Street, NW |
| | Washington, DC 20005 |
| Gregory O. Wiggins | Telephone: (202) 551-1700 |
| Kevin W. Jent | Telefacsimile: (202) 551-1705 |
| Wiggins Childs Quinn & Pantazis LLC | carsonsullivan@paulhastings.com |
| 301 19th Street North | reganherald@paulhastings.com |
| Birmingham, AL 35203 | |
| Telephone: (205) 314-0500 | Attorneys for Defendant |
| Telefacsimile: (205) 254-1500 | |
| gwiggins@wcqp.com | |
| kjent@wcqp.com | |

Attorneys for Plaintiffs

4

IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGIE VEDDER, DAVID SELF, DAVID R. BLEDSOE, MICHELE CRABTREE-RAJO, DAVID E. DAVIS, RON GREER, DAVID L. LOVE, and JOHN MCCLOUD, <br><br> Plaintiffs, <br><br> vs. <br><br> DOLLAR TREE STORES, INC., <br><br> Defendant. | CIVIL ACTION NUMBER: <br> 1:13-cv-0315-AT <br> JURY DEMAND |

## [Proposed] ORDER

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice. Having considered the Parties' motion as well as additional information provided by the Parties, it is hereby ORDERED:

1. That the Joint Motion for Approval of Settlement is GRANTED; and

2. This case shall be DISMISSED, WITH PREJUDICE, in its entirety, with each party to bear his or her own costs.

3. The Court shall retain jurisdiction over this case only for the purpose of enforcing the Parties' Agreements.

_____
United States District Judge